UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO GARCIA-CASTILLO
(A# unavailable),

Petitioner,

v.

NOEM, et al.,

Respondents.

No.  1:26-cv-0058 DAD AC

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner, a federal immigration detainee represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection.  ECF No. 1 (Verified Complaint) ¶¶ 1, 7, 13.  Petitioner was not apprehended at the time of entry.  Id. ¶ 13.  On July 6, 2025, while in the interior of the United States, petitioner was apprehended by Immigration and Customs Enforcement ("ICE").  Id.  On December 31, 2025, petitioner requested a bond hearing, which the immigration judge refused to conduct.  Id. ¶¶ 15, 16.

////

1

PROCEDURAL HISTORY

On December 31, 2025, petitioner filed a petition for writ of habeas corpus. ECF No. 1. The undersigned issued a briefing order. ECF No. 3. On the deadline to file an answer, respondents filed a status report informing the court that they did not receive a copy of the petition and could not access it via the Eastern District's CM/ECF system. ECF No. 4. On January 29, 2026, the undersigned issued a minute order directing service by email. ECF No. 5. The same order set a new briefing schedule. Id.

On February 16, 2026, after respondents failed to file a timely answer/return, petitioner filed a motion for entry of default. ECF No. 6. The following day, respondents filed an opposition to the petition for writ of habeas corpus. ECF No. 7. In response, petitioner filed a motion to strike respondents' opposition as untimely, and a reply to respondents' opposition. ECF No. 8. Petitioner has since filed a notice that the matter is fully briefed and a motion for expedited ruling or status conference. ECF No. 9.

On March 26, 2026, the Clerk of the Court declined to enter petitioner's request for entry of default. ECF No. 10.

PETITION FOR WRIT OF HABEAS CORPUS

The petition asserts petitioner's detention violates Immigration and Nationality Act § 236(a), the Maldonado Bautista v. Santacruz, No. 5:25-cv-1873 SSS BFM (C.D. Cal. Nov. 25, 2025) injunction, and the Fifth Amendment Due Process Clause. ECF No. 1 (Verified Complaint) at 6-8. By way of relief, petitioner seeks his immediate release from custody or "a constitutionally adequate bond hearing before a neutral and impartial adjudicator within seven (7) days, where the burden is on the [Department of Homeland Security ("DHS")] to justify continued detention by clear and convincing evidence that the Petitioner is either a flight risk or a danger to the community." Id. at 9. Petitioner also seeks a "[d]eclaration that [p]etitioner is a member of the Maldonado Bautista class, is detained under INA § 236(a), and is entitled to a bond hearing," an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), and any other such relief the court deems just and proper. Id. at 9-10.

////

2

LEGAL STANDARD

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citation omitted), superseded by statute on other grounds, Nasrallah v. Barr, 590 U.S. 573580 (2020). "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

DISCUSSION

A. Motion to Strike

Petitioner argues that respondents' untimely opposition to the petition should be stricken because respondents twice failed to timely file a response and that their failure prejudices petitioner who remains in custody during this delay. ECF No. 8 at 2-3. While petitioner's argument concerning prejudice is well-taken, the undersigned does not agree that respondents missed *two* deadlines. Before the first deadline expired, respondents informed the court that they had not been served with the petition. ECF No. 4. As a result, the court ordered service and issued a new briefing schedule. ECF No. 5. Accordingly, the court does not consider this as a failure to timely file a response.

Respondents did, however, miss their new deadline. Nonetheless, because they filed a response immediately upon notice of their failure, the court will consider respondents' opposition

to the petition and will deny the motion to strike.

B. Motion to Expedite Ruling or Status Conference

Petitioner has also filed a motion for expedited ruling or status conference.  ECF No. 9. Due to the volume of pending cases in this court, the undersigned was unable to expedite findings and recommendations in this case.  However, as noted below, the undersigned has now issued findings and recommendations on the petition, which should lead to a prompt resolution of this matter.  Accordingly, petitioner's motion to expedite or for status conference is denied as moot.

C. Petition for Writ of Habeas Corpus

Respondents argue that the petition should be denied because petitioner is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)" and "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress."  ECF No. 7 at 1-2.  The undersigned construes respondents' arguments as a response to petitioner's claim that his detention violates INA § 236(a) (codified at 8 U.S.C. § 1226(a)).

The majority of courts, including this one, have repeatedly rejected respondents' arguments.  Alvarez-Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (collecting cases); Sut Pol v. Warden of the Golden State Annex Detention Facility, No. 1:26-CV-1155 DJC AC, 2026 WL 981163 (E.D. Cal. Apr. 13, 2026); Perez Perez v. Warden, No. 2:26-cv-0873 DJC AC, 2026 WL 788131, at *1 (E.D. Cal. Mar. 20, 2026); Valencia Cardenas v. Chestnut, No. 1:26-cv-2073 DAD SCR, 2026 WL 758871 (E.D. Cal. Mar. 20, 2026); Quichimbo-Jimenez v. Warden, California City Corr. Ctr., No. 2:26-cv-0739 DAD EFB, 2026 WL 679378, at *1 (E.D. Cal. Mar. 10, 2026); E.L.D.M. v. Becerra, No. 1:25-cv-1906 DJC JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025); Morillo v. Albarran, No. 1:25-cv-1533 DJC AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025).  In doing so, this court has generally found that § 1226(a) rather than § 1225(b)(2) applies to noncitizens living in the United States who, prior to their current detention, had not been detained by immigration authorities and are not subject to mandatory detention under § 1226(c) or post-removal order detention under § 1231.  Alvarez-Maciel, 2026 WL 496948 at *4 (finding petitioner, who was present in the United States for

4

twenty years prior to his detention, is likely to succeed on his claim that he has been unlawfully denied a bond hearing in violation of § 1226(a)); Sut Pol, 2026 WL 981163, at * 3 (finding "petitioner, who was not apprehended upon arrival and has been living in the United States for several years, is not lawfully detained under § 1225(b)(2)" and is entitled to a bond hearing under § 1226(a)); Valencia Cardenas, 2026 WL 758871 at *1 (finding petitioner, who was present in the United States without evidence of a prior ICE encounter, can only be detained under 8 U.S.C. § 1226(a), not § 1225(b)(2)); Quichimbo-Jimenez, 2026 WL 679378 at *1 (finding petitioner, a noncitizen who entered the United States, was not apprehended upon arrival, and was not or will not be detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time ICE makes an initial custody determination, is entitled to a bond hearing under 8 U.S.C. § 1226(a)).[1]  This court has also found that when ICE unlawfully detains noncitizens under § 1225(b)(2) and does not afforded them a bond hearing under 8 U.S.C. § 1226(a), the appropriate remedy to preserve the *status quo ante litem* is release.  Alvarez Maciel, 2026 WL 496948, at *5; Sut Pol, 2026 WL 981163, at * 3; Perez Perez, 2026 WL 788131, at *1; Valencia Cardenas, 2026 WL 758871, at *1; E.L.D.M, 2025 WL 3707140, at *6; Morillo, 2025 WL 3190899 at *5.

The undersigned is persuaded by the well-reasoned analysis in the above cited cases. Accordingly, the undersigned incorporates and adopts the reasoning in those cases and finds petitioner, who was not apprehended upon arrival and has been living in the United States, is not

[1]  Cf. Mendoza v. Warden of the Golden State Annex, No. 1:25-cv-2030 CSK, 2026 WL 310116, at *3 (E.D. Cal. Feb. 5, 2026) (citing collected cases finding that non-citizens in the interior of the country are not 'seeking admission' within the meaning of § 1225); Amaya-Quinteros v. Corecivic, Inc., No. 1:25-cv-1672 AC, 2025 WL 3687687642, at *10 (E.D. Cal. Dec. 19, 2025) (finding "that the plain language of the statutes, the overall structure of these statutes, the Supreme Court's interpretation of the statutes, the intent of Congress, and the long-standing practice of applying § 1226(a) prior to 2025 to noncitizens like petitioner . . . makes clear that § 1226(a) is the appropriate statutory framework for noncitizens like petitioner who are *already in* the country and not subject to § 1226(c)") (emphasis in original); Morales-Flores v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (citing collected cases rejecting the Department of Homeland Security's new policy, adopting an expansive definition for "applicant for admission" under 8 U.S.C. § 1225(b)(2) to include all noncitizens unlawfully present in the United States); Josue I.C.A. v. Lyons, No. 1:25-cv-1542 SKO, 2025 WL 3496432, at *3 n.6 (E.D. Cal. Dec. 5, 2025) (same); Aquino v. LaRose, No. 25-cv-2904 RSH MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("the overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years") (collecting cases).

lawfully detained under 8 U.S.C. § 1225(b)(2).  Under the current facts, the relevant detention authority is 8 U.S.C. § 1226(a), which entitles petitioner to a bond hearing.

Because respondents do not assert an alternative lawful basis for petitioner's detention, the court finds petitioner's detention violates INA § 236(a) and recommends that the petition be granted in part and petitioner be released.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Petitioner's motion to strike (ECF No. 8) is DENIED.

2.  Petitioner's motion to expedite ruling or for a status conference (ECF No. 9) is DENIED as MOOT.

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's petition for a writ of habeas corpus (ECF No. 1) be GRANTED on petitioner's violation of INA § 236(a)) claim and petitioner's request for attorney's fees and costs be DENIED without prejudice to bringing a properly noticed and supported motion.

2.  Respondents be ORDERED to:

    a.  IMMEDIATELY RELEASE petitioner from custody.

    b.  RETURN all of petitioner's documents and possession upon his release from custody.

    c.  FILE a notice of compliance within three (3) days of any order adopting these findings and recommendations, confirming petitioner's release from custody and the return of his documents and possessions.

3.  Respondents be PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner under 8 U.S.C. § 1226(a), unless petitioner is provided with a bond hearing pursuant to 8 C.F.R. § 1236.1(c)(8) at which petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety.

4.  The order enjoining respondent state that the order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

5.  Judgement be entered in favor of the petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 21, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE